1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited liability partnership,<br><br>                                        Plaintiff,<br><br>        v.<br><br><br>FORTUNE MFG. CO., LTD., a Taiwan company,<br><br>                                        Defendant. | CASE NO. 14cv0441-GPC-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT;**<br><br>**(2) VACATING HEARING DATE**<br><br>[Dkt. No. 8.] |

## I.  INTRODUCTION

Defendant Fortunate Mfg. Co. Ltd. ("Defendant") moves the court to set aside default judgment pursuant to Federal Rules of Civil Procedure 55 and 60(b).  (Dkt. No. 8.)  The parties have fully briefed the motion.  (Dkt. Nos. 10-11.)  Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication on the papers, without oral argument.  For the following reasons, the Court **GRANTS** Defendant's motion to set aside default judgment.

## II.  BACKGROUND

On February 26, 2014, Plaintiff The Eclipse Group LLC ("Plaintiff") filed a complaint against Defendant.  (Dkt. No. 1.)  Plaintiff has a place of business in San Diego, California, but Defendant's principal place of business is in Taiwan.  (*Id.* ¶¶ 1-2.)  The action arises from Defendant's alleged failure to pay Plaintiff for legal services.  (*Id.* ¶¶ 5-11.)  Plaintiff alleges four claims: (1) breach of written agreement;

1   (2) open book; (3) account stated; and (4) quantum meruit.  (*Id.* ¶¶ 12-30.)

2       On April 16, 2014, Plaintiff filed a proof of service of the summons and

3   complaint, declaring that it had served Defendant by Postal Registered Mail on March

4   11, 2014, pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii).  (Dkt. No. 3.)

5       On May 12, 2014, the Clerk entered default against Defendant, pursuant to

6   Plaintiff's request.  (Dkt. Nos. 4-5.)  On June 20, 2014, the Clerk entered default

7   judgment in the amount of $206,065.28, pursuant to Plaintiff's request.  (Dkt. Nos. 6-

8   7.)

9       Four months later, on October 20, 2014, Defendant filed a motion to set aside

10  default judgment. (Dkt. No. 8.)  On November 14, 2014, Plaintiff filed a response.

11  (Dkt. No. 10.)  On November 21, 2014, Defendant filed a reply.  (Dkt. No. 11.)

12                      **III.  LEGAL STANDARD**

13      "[D]efault judgments are ordinarily disfavored" and "[c]ases should be decided

14  upon their merits whenever reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470,

15  1472 (9th Cir. 1986).

16      A district court  "may set aside a default judgment under Rule 60(b)."  Fed. R.

17  Civ. P. 55(c).  Federal Rule of Civil Procedure 60(b) allows a court to set aside a

18  judgment where one or more of the following is shown: (1) mistake, inadvertence,

19  surprise or excusable neglect; (2) newly discovered evidence which by due diligence

20  could not have been discovered before the court's decision; (3) fraud by the adverse

21  party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other

22  reason justifying relief.  Fed. R. Civ. P. 60(b); *Sch. Dist. 1J v. ACandS Inc.*, 5 F.3d

23  1255, 1263 (9th Cir. 1993).

24      Defendant primarily argues that the judgment is void due to improper service.

25  (Dkt. No. 8-1 at 4-5.)  Under Rule 60(b)(4), a default judgment may be set aside where

26  the judgment is void.  Fed. R. Civ. P. 60(b)(4).  A default judgment is void where the

27  court lacks personal jurisdiction due to insufficient service of process.  *S.E.C. v.*

28  *Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007).  Unlike a motion

to set aside default judgment for equitable reasons, there is no discretion for a district court to exercise under Rule 60(b)(4); either a judgment is void or it is valid. *Thomas P. Gonzales Corp. v. Consego Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). Therefore, a district court need not consider the merits of the defense, prejudice to the plaintiff, or culpability of the defendant under Rule 60(b)(4). *Internet Solutions*, 509 F.3d at 1165.

A plaintiff generally has the burden to establish personal jurisdiction. *Internet Solutions*, 509 F.3d at 1165. However, the Ninth Circuit has held that "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." *Id.* "Existing case law does not resolve the question of whether a defendant without actual notice also bears the burden of proving that he is entitled to relief, or whether the burden in such a case would rest with the plaintiff." *Oak Point Partners, Inc. v. Lessing*, No. 11-cv-3328, 2012 WL 4121109, at *3 (N.D. Cal. Sept. 18, 2012). Here, the parties appear to disagree about whether Defendant had actual notice. (Dkt. No. 8-1 at 4; Dkt. No. 10 at 4; Dkt. No. 11-1 at 3.) However, as explained below, even if Defendant bears the burden, the Court concludes that it has met that burden. Accordingly, the Court need not decide whether Defendant had notice or whether a defendant without actual notice still bears the burden.

## IV. DISCUSSION

Defendant primarily contends that the judgment is void under Rule 60(b)(4) because it was not properly served.[1] (Dkt. No. 8-1 at 4-5.) Service of process is governed by Federal Rule of Civil Procedure 4. Here, Plaintiff declared that it served Defendant by Postal Registered Mail pursuant to Rule 4(f)(2)(C)(ii). (Dkt. No. 3 ¶ 2.)

---

[1]Defendant also argues that the default judgment should be set aside because Defendant was without any notice of the underlying lawsuit, which violates constitutional due process. (Dkt. No. 8-1 at 5-6.) The Court finds it unnecessary to reach this argument.

Rule 4(f)(2)(C)(ii) provides that "an individual . . . may be served at a place not within any judicial district of the United States. . . by . . . using any form of mail that the clerk addresses and sends to the individual *and that requires a signed receipt*." Fed. R. Civ. P. 4(f)(2)(C)(ii) (emphasis added).   A foreign business may also be served in this manner.  Fed. R. Civ. P. 4(h)(2).

Defendant argues that Plaintiff's service did not comply with Rule 4(f)(2)(C)(ii) because the return receipt included with Plaintiff's declaration of service is not "signed." (Dkt. No. 8-1 at 5.)  Rather, the return receipt contains stamps. (Dkt. No. 3 at 6.)  In support of its motion, Defendant provides that declaration of Jerome Chen, president of Fortune Mfg. Co. Ltd., stating that mail requiring a signature is signed by Defendant's receptionist, Defendant's records do not indicate receipt of any document sent by Plaintiff requiring a signature during the time period alleged, Defendant did not receive service of the complaint by Postal Registered Mail, and that the stamps on the return receipt do not belong to Defendant. (Doc. 8-2 at 3.)

Plaintiff counters that under the Federal Rules of Civil Procedure, the return receipt does not need to be "signed." (Dkt. No. 10 at 2.)  Plaintiff relies on Rule 4(l), which concerns "Proving Service" and provides that "Service not within any judicial district of the United States must be proved as follows: . . . if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, *or by other evidence satisfying the court that the summons and complaint were delivered to the addressee*." Fed. R. Civ. P. 4(l)(2)(B) (emphasis added).  Plaintiff provides a declaration that the package was properly addressed to Defendant, and that the stamp on the return receipt is affiliated with the Dong Xing building, in which Defendant's offices are located. (Dkt. No. 10-1 at 2; Dkt. No. 10-2 at 2-3.)  Plaintiff also contends that Defendant's declaration by Mr. Chen contains "false representations" and that "[i]nstead of signing for its mail, Fortune stamps its mail received." (Dkt. No. 10 at 2.)

Defendant replies that there is not satisfactory evidence that the summons and complaint reached Defendant's offices in the Dong Xing building. (Dkt. No. 11 at 2.)

Defendant declares that the Dong Xing building is a twelve story building with nineteen units and many other tenants, and only three of those units are occupied by Defendant.  (Dkt. No. 11-1 ¶¶ 2-3.)

The Court finds that the return receipt is not signed by Defendant, and there is not other satisfactory evidence that the summons and complaint were delivered to Defendant.  While the summons and complaint were addressed to Defendant, the return receipt is only stamped that it was received at Defendant's building, which has many other tenants.  Defendant has declared that mail requiring a signature is signed for by its receptionist, and that it did not receive the summons and complaint.  Plaintiff's contention that Defendant's declaration is false is not supported by any concrete evidence.

Therefore, the Court concludes that Defendant was not properly served, and the judgment is void.  Accordingly, the Court **GRANTS** Defendant's motion to set aside the default judgment.[2]

## V.  CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1)     the Court **GRANTS** Defendant's motion to set aside default judgment. (Dkt. No. 8.)

(2)     the Clerk of Court is directed to reopen the case.

(3)     Defendant shall file its answer within three (3) days.

(4)     the Court hereby **VACATES** the hearing date set for this matter on December 12, 2014 at 1:30 p.m.

---

[2]With its motion, Defendant has attached its answer to Plaintiff's complaint. (Dkt. No. 8-2 at 7-14.)  Therefore, the Court finds that Defendant now has actual notice of the summons and complaint, and Plaintiff does not need to serve Defendant.  *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.").

1

2 DATED:  December 8, 2014

3
HON. GONZALO P. CURIEL
4 United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28