1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8           **SOUTHERN DISTRICT OF CALIFORNIA**

9   THE ECLIPSE GROUP LLP, a                    CASE NO. 14cv0441-GPC-WVG
    California limited liability partnership,
10                                              **ORDER:**
                                    Plaintiff,
11                                              **(1) DENYING PLAINTIFF'S**
        v.                                      **MOTION FOR SUMMARY**
12                                              **JUDGMENT;**
13                                              [Dkt. No. 17.]
    FORTUNE MFG. CO., LTD., a
14  Taiwan company,                             **(2) VACATING HEARING DATE**
15                                  Defendant.

16

17          Before the Court is Plaintiff The Eclipse Group LLC's ("Plaintiff") motion for

18  summary judgment against Defendant Fortune Mfg. Co., Ltd. ("Defendant").  (Dkt.

19  No. 17.)  The parties have fully briefed the motion.  (Dkt. Nos. 20-23.)  Pursuant to

20  Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication on the

21  papers, without oral argument.   For the following reasons, the Court **DENIES**

22  Plaintiff's motion for summary judgment.

23                          **FACTUAL BACKGROUND**

24          This action arises from Defendant's alleged failure to pay Plaintiff for legal

25  services.  (Dkt. No. 1 ¶¶ 5-11.)  Defendant is a Taiwan based company that produces

26  bronze and brass valves for use in industries such as oil, chemical, gas, machinery,

27

28

construction, and water.  (Dkt. No. 20-4 at 3-4.)[1]  Around June 2010, Defendant contacted Plaintiff regarding filing a claim against Zurn Industries, LLC ("Zurn"). (Dkt. No. 1 ¶ 5; Dkt. No. 20-1 ¶ 6.)

Around October 26, 2010, Plaintiff and Defendant signed an engagement letter under which Plaintiff would represent Defendant "in connection with preparing and filing a claim against Zurn/Wilkins." (Dkt. No. 17-4 at 2; Dkt. No. 20-1 ¶ 6.)  The engagement letter set forth Plaintiff's blended hourly rate and partial contingency arrangement, and stated that Plaintiff was entitled to payment for expended costs. (Dkt. No. 17-4 at 2.)  The engagement letter also provided that if payment was not received within sixty days after the issuance of an invoice, the outstanding amount "may" be subject to finance charges of 8% per annum.  (*Id.* at 3.)  In addition, the engagement letter stated that if Defendant had any dispute with any invoiced amounts, it "shall raise such dispute within thirty (30) days of the invoice date" or it would be "liable for the full amount invoiced." (*Id.*)

On January 18, 2011, Plaintiff filed an action on behalf of Defendant against Zurn in United States District Court for the Central District of California: *Fortune Mfg. Co., Ltd. v. Zurn Industries, LLC*, Case No. 11-cv-0530-PA-JEM. (Dkt. No. 20-1 ¶ 8; Dkt. No. 20-3 at 2.)  On November 14, 2011, the district court granted Zurn's motion for summary judgment because, among other things, it found that some of Defendant's claims were barred by the applicable statutes of limitation.  (Dkt. No. 20-6.)  Shortly thereafter, Defendant settled with Zurn. (Dkt. No. 20-1 ¶ 9.)

Between October 2011 and February 2012, Plaintiff sent Defendant invoices for its services. (Dkt. No. 17-3 ¶ 3; Dkt. No. 17-5.)  Around April 10, 2012, Defendant sent Plaintiff an email stating that it was "extremely disappointed and dissatisfied" with Plaintiff's legal services, and therefore it "does not find it reasonable to make more payments for the dilettante services provided." (Dkt. No. 21-2 ¶ 2; Dkt. No. 21-3 at 2-

---

[1] Page number citations such as this one are to the page numbers reflected on the Court's CM/ECF system and not to page numbers assigned by the parties.

14cv0441-GPC-WVG

3; *see also* Dkt. No. 20-1 ¶ 9.) On September 3, 2013, Plaintiff sent Defendant a letter stating that Defendant owed it $136,383.75 in fees and $38,247.86 in costs. (Dkt. No. 17-7 at 2.) The letter further stated that "[w]e understand that you were unhappy with the outcome of the case and therefore disputed the balance" but "we cannot forgive the amount due." (*Id.*)

Defendant declares that it has paid Plaintiff approximately $104,396.49 for its services, pursuant to the engagement letter, but disputes that any further payments are due. (Dkt. No. 20-1 ¶ 9.) Plaintiff declares that Defendant owes it $136,383.75 in fees and $38,247.86 in costs, plus 8% per annum. (Dkt. No. 17-3 ¶¶ 3, 7.)

## PROCEDURAL HISTORY

On February 26, 2014, Plaintiff filed this action against Defendant. (Dkt. No. 1.) Plaintiff alleges four claims: (1) breach of written agreement; (2) open book account; (3) account stated; and (4) quantum meruit. (*Id.* ¶¶ 12-30.)

On December 8, 2014, the Court granted Defendant's motion to set aside default judgment. (Dkt. No. 13.) Defendant filed its answer on December 11, 2014. (Dkt. No. 15.) In its answer, Defendant asserted as defenses that it "is entitled to offset any recovery by the amount necessary to correct defects caused by [Plaintiff's] deficient and/or negligent legal representation" and that it was "discharged from performing the contract because [Plaintiff] . . . materially breached the contract by failing to provide reasonably competent representation in multiple instances . . . ." (*Id.* at 5.)

On December 22, 2014, Plaintiff filed the instant motion for summary judgment. (Dkt. No. 17.) Defendant filed its opposition on January 30, 2015. (Dkt. No. 20.) Plaintiff replied on February 13, 2015.[2] (Dkt. No. 21.)

---

[2]On February 20, 2015, Defendant filed evidentiary objections to a declaration submitted by Plaintiff in support of its reply and a request to strike the portions of the reply that rely upon the declaration. (Dkt. No. 22.) On February 23, 2015, Plaintiff filed an *ex parte* application for leave to respond to Defendant's objection and request to strike. (Dkt. No. 23.) The Court grants Plaintiff's *ex parte* application. (*Id.*) To the extent that the Court relied upon evidence to which Defendant objected, the objections are overruled. To the extent the Court did not rely on evidence to which the Defendant objected, the objections are overruled as moot.

14cv0441-GPC-WVG

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id.* at 322-23. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Id.* at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In making this determination, the court must "view[ ] the evidence in the light most

favorable to the nonmoving party." *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact. *Anderson*, 477 U.S. at 255.

## DISCUSSION

Plaintiff moves for summary on each of its four claims: (1) breach of written agreement; (2) open book account; (3) account stated; and (4) quantum meruit.[3] (Dkt. No. 17.)

## A.     Breach of Written Agreement

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). "When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract." *Brown v. Grimes*, 120 Cal. Rptr. 3d 893, 902 (Ct. App. 2011). "Normally the question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact." *Id.* at 903.

Here, Plaintiff argues that Defendant breached the engagement letter agreement by not paying Plaintiff for the legal services it performed in connection with the *Zurn* action. (Dkt. No. 17-1 at 4.) Defendant counters that Plaintiff breached the agreement because it failed to exercise the requisite skill and care in representing Defendant since Plaintiff filed claims that "were either time barred as a matter of law well before the complaint was filed, or claims that became time barred because of Plaintiff's failure to

---

[3]The Court reiterates that it is Plaintiff's burden to show that it is entitled to summary judgment, yet Plaintiff's motion fails to cite a single case or statute supporting any of its generally cursory arguments. (Dkt. No. 17.) *Cf. Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997) ("Judges are not like pigs, hunting for truffles buried in briefs." (citation and internal quotation marks omitted)).

1  file the complaint until January 18, 2011." (Dkt. No. 20 at 14.)

2        Plaintiff responds that it did not commit legal malpractice because the statute of

3  limitations had expired before it met with Defendant, and that it informed Defendant

4  of the potential statute of limitation issues. (Dkt. No. 21 at 2-3; Dkt. No. 21-1 ¶¶ 3-5.)

5  However, Defendant declares that Plaintiff never advised it of the possible statute of

6  limitations problems, and would not have pursued those claims, and incurred the

7  associated legal fees and expenses, if had been so advised. (Dkt. No. 20-1 ¶ 10.) As

8  Plaintiff acknowledges, the Court must view the evidence in the light most favorable

9  to Defendant as the non-moving party, and assume that Plaintiff did not advise

10  Defendant of the potential statute of limitations issues. (Dkt. No. 21 at 2.)

11        Plaintiff also responds that its actions do not constitute legal malpractice because

12  its filing of claims ultimately found to be time-barred did not cause Defendant to lose

13  any meritorious claim. (Dkt. No. 21 at 3) (citing *Gutierrez v. Mofid*, 705 P.2d 886, 891

14  (Cal. 1985) ("It is well settled that an attorney is liable for malpractice when his

15  negligent investigation, advice, or conduct of the client's affairs results in loss of the

16  client's meritorious claim.")). However, loss of a meritorious claim is not a required

17  element for legal malpractice. *See Kasem v. Dion-Kindem*, 179 Cal. Rptr. 3d 711, 715

18  (Ct. App. 2014) ("To state a cause of action for legal malpractice, a plaintiff must plead

19  the duty of the attorney to use such skill, prudence, and diligence as members of his or

20  her profession commonly possess and exercise; breach of that duty; a proximate causal

21  connection between the breach and the resulting injury; and *actual loss or damage*

22  *resulting from the attorney's negligence*." (emphasis added)); *see also Neel v. Magana,*

23  *Olney, Levy, Cathcart & Gelfand*, 491 P.2d 421, 423 (Cal. 1971) ("Since in the usual

24  case, the attorney undertakes to perform his duties pursuant to a contract with the

25  client, the attorney's failure to exercise the requisite skill and care is also a breach of

26  an express or implied term of that contract. Thus legal malpractice generally

27  constitutes both a tort and a breach of contract.").

28        In addition, Plaintiff responds that Defendant has not provided expert testimony

to support that Plaintiff committed legal malpractice. (Dkt. No. 21 at 3, 5-6.)  *See Stanley v. Richmond*, 41 Cal. Rptr. 2d 768, 781 (Ct. App. 1995) ("Where a malpractice action is brought against an attorney holding [herself] out as a legal specialist and the claim against the attorney relates to [her] expertise, then only a person knowledgeable in the specialty can define the applicable duty of care and render an opinion on whether it was met." (citation and internal quotation marks omitted, alterations in original)). However, expert testimony is not required "if the attorney's negligence is readily apparent from the facts of the case." *Stanley*, 41 Cal. Rptr. 2d at 781 (citation and internal quotation marks omitted.)  Moreover, Defendant contends that this case is still in early discovery and it is awaiting the production of requested documents, and Defendant asks that the Court deny summary judgment under Federal Rule of Civil Procedure 56(d) to permit it to gather the necessary information for any required expert analysis and opinion. (Dkt. No. 20 at 14 n.3; Dkt. No. 20-2 ¶¶ 5-6.)  Plaintiff responds that Defendant has not shown what additional information is sought and how it would preclude summary judgment, and that Plaintiff has already produced the documents requested.[4] (Dkt. No. 21 at 6-7; Dkt. No. 21-4 ¶¶ 2-3.)  The Court concludes that to the extent expert testimony is necessary, summary judgment is premature because Defendant has sufficiently shown that it needs additional discovery. *See* Fed. R. Civ. P. 56(d); *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986) (stating that denial under former Rule 56(f) is disfavored when a party specifically identifies relevant information and points to "some basis" for its existence).

Finally, Plaintiff argues that Defendant cannot challenge its invoices because Defendant did not object until April 2012, which was over thirty days after the January 26, 2012 invoice that included the work on the summary judgment opposition, and five months after the district court granted summary judgment in the *Zurn* action. (Dkt. No. 21 at 3-4; *see also* Dkt. No. 17-5 at 16-28.)  The engagement letter provides that if

---

[4]The parties dispute whether Plaintiff is required to produce to Defendant emails and bills previously sent to Defendant.  (Dkt. No. 22 at 2 n.1; Dkt. No. 23-2 at 2.)

Defendant had any dispute with any invoiced amounts, it "shall raise such dispute within thirty (30) days of the invoice date" or it would be "liable for the full amount invoiced." (Dkt. No. 17-4 at 2.) However, if Plaintiff materially breached the agreement, Defendant may have been discharged from its duty to comply with this term of the agreement. *See Brown*, 120 Cal. Rptr. 3d at 902.

In sum, based on the current record, Plaintiff has failed to demonstrate the absence of any genuine dispute of material fact as to whether Plaintiff's legal representation constituted a material breach of the engagement letter excusing Defendant from making payments, and therefore has failed to meet its burden to show that it is entitled to summary judgment on its breach of contract claim. *See Greenberg Traurig, LLP v. Gale Corp.,* No. 07-cv-01572-MCE-DAD, 2009 WL 2422815, at *3 (E.D. Cal. Aug. 4, 2009) (denying summary judgment in law firm's breach of contract action to recover unpaid legal fees from its former client because there existed a genuine dispute of material fact regarding whether law firm's failure to provide competent legal representation constituted a material breach of the contract which excused the client from making payments under the contract).

As such, the Court **DENIES** Plaintiff's motion for summary judgment on its breach of contract claim.

## B. Open Book Account

An open book account is "a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner." Cal. Code Civ. Proc. § 337a; *see also Cusano v. Klein*, 264 F.3d 936, 942

n.2 (9th Cir. 2001).  "To prevail on an open book account claim, a plaintiff must show that: '(1) Plaintiff and Defendant had financial transactions; (2) that Plaintiff kept an account of the debits and credits involved in the transactions; (3) that Defendant owes money on the account; and (4) the amount of money that Defendant owes Plaintiff.'" *In re Beshmada, LLC*, No. 13-cv-8342-GAF, 2014 WL 4060262, at *7 (C.D. Cal. 2014) (citation omitted).  Under California law, money due under an express contract cannot be recovered in an action claiming an open book account unless there is a contrary agreement by the parties. *Martini E Ricci Iamino S.P.A. – Consortile Societa Agricola v. W. Fresh Mktg. Servs., Inc.*, No. 13-cv-0097-AWI-BAM, 2014 WL 4661149, at * 11 (E.D. Cal. Sept. 18, 2014).  "[C]ourts require that the parties expressly intend to be bound because accruing debts under an express contract are not normally considered the subject of an open book account." *Id.* (citation and internal quotation marks omitted).  "The mere incidental keeping of accounts does not alone create a book account." *Id*. (citation and internal quotation marks omitted).

Plaintiff's entire argument in support of its open book account claim is: "[Plaintiff] statements to [Defendant] constitute an open book account, and [Defendant's] refusal to pay is grounds for entry of summary judgment." (Dkt. No. 17-1 at 4.)  Defendant counters that Plaintiff has made no effort to carry its burden of proof, and that the claim fails because it is based on the parties' original express written agreement and the parties never agreed to be bound by a book account. (Dkt. No. 20 at 11-12.)

The Court agrees with Defendant that Plaintiff has failed to meet its burden to demonstrate the absence of any genuine dispute of material fact regarding its open book account claim.  The claim is based on the parties' express original agreement, and Plaintiff has not shown that the parties agreed to be bound by a book account.  As such, the Court **DENIES** Plaintiff's motion for summary judgment on its open book account claim.

///

## C.    Account Stated

An "account stated" is "an agreement, based on prior transactions between the parties, that all items of the account are true and that the balance struck is due and owing from one party to the other."[5] *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1091 (9th Cir. 1989). "The elements of an account stated are: '(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due.'" *Martini E Ricci Iamino S.P.A. – Consortile Societa Agricola*, 2014 WL 4661149, at * 9 (quoting *Zinn v. Fred R. Bright Co.*, 76 Cal. Rptr. 663, 665-66 (Ct. App. 1969)). "Both parties must assent to the new amount owed in order to create an account stated." *Id.* "[A] debt which is not predicated on a new contract, but is instead based on a preexisting express contract, cannot be the basis of an account stated." *Id.* (citation and internal quotation marks omitted).

Plaintiff's entire argument in support of its account stated claim is: "[Plaintiff] statements to [Defendant] constitute an account stated and [Defendant's] refusal to pay is grounds for entry of summary judgment." (Dkt. No. 17-1 at 4.) Defendant counters that Plaintiff has made no effort to carry its burden of proof, and that the claim fails because it is based on the parties' original express written agreement and the parties never reached a new agreement on the balance. (Dkt. No. 20 at 9-11.)

The Court agrees with Defendant that Plaintiff has failed to meet its burden to demonstrate the absence of any genuine dispute of material fact regarding its account stated claim. The claim is based on the parties' original express written agreement and the evidence shows that Defendant disputed the amount due. As such, the Court **DENIES** Plaintiff's motion for summary judgment on its account stated claim.

---

[5]An "open book account" differs from an "account stated" in that the parties to an open book account have not agreed on a final balance. *H & C Global Supplies SA DE CV v. Pandol Assocs. Mktg., Inc.*, No. 13-CV-0827-AWI-SKO, 2013 WL 5954812, at *2 (E.D. Cal. Nov. 6, 2013)

### D.   Quantum Meruit

"Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (citation omitted). "Quantum meruit is not the same as a contract implied in fact.  Quantum meruit is based not on the intention of the parties, but rather on the provision and receipt of benefits and the injustice that would result to the party providing those benefits absent compensation." *Id.*  The elements of a claim based on quantum meruit are: "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*, 118 F. Supp. 2d 1002, 1013 (citing *Haggerty v. Warner*, 252 P.2d 373, 377 (Cal. Ct. App. 1953)).

Plaintiff argues that it is entitled to summary judgment on its quantum meruit claim because there is no dispute that it provided legal services to Defendant and Defendant has failed to pay. (Dkt. No. 17-1 at 4-5.)  Defendant counters that Plaintiff's quantum meruit claim fails because Plaintiff seeks equitable relief for services already subject to a written contract.  (Dkt. No. 20 at 13.) (citing *Hedging Concepts, Inc. v. First Alliance Mortg. Co.*, 49 Cal. Rptr. 2d 191, 197-98 (Ct. App. 1996) ("[I]t is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation.")). Alternatively, Defendant contends that Plaintiff is not entitled to summary judgment because Defendant has challenged the value of Plaintiff's services in the underlying *Zurn* action. (Dkt. No. 20 at 13.)

The Court concludes that Plaintiff has failed to meet its burden to demonstrate the absence of any genuine dispute of material fact regarding the reasonable value of its services, and therefore has failed to meet its burden to show that it is entitled to

1  summary judgment on its quantum meruit claim.  As such, the Court **DENIES**

2  Plaintiff's motion for summary judgment on its quantum meruit claim.

3  <center>**CONCLUSION AND ORDER**</center>

4  For the foregoing reasons, **IT IS HEREBY ORDERED:**

5  (1)    the Court **DENIES** Plaintiff The Eclipse Group LLC's motion for

6         summary judgment (Dkt. No. 17);

7  (2)    the Court **GRANTS** Plaintiff's *ex parte* application for leave to respond

8         to Defendant Fortune's objection to Plaintiff's declaration and its request

9         to strike Plaintiff's reply (Dkt. No. 23);

10 (3)    the Court hereby **VACATES** the hearing date set for this matter on March

11        6, 2015 at 1:30 p.m.

12        **IT IS SO ORDERED.**

13 DATED:  March 4, 2015

14

15 HON. GONZALO P. CURIEL
   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

<center>- 12 -</center>